LAW LIBRARY

NO. 29003

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CURTIS K. PANG, SR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0415(4))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise, J.;
Foley, J., concurring separately)

Defendant-Appellant Curtis K. Pang, Sr., (Pang) appeals from the Amended Judgment, entered on February 14, 2008, in the Circuit Court of the Second Circuit (circuit court).[1] After a jury trial, Pang was convicted of first degree criminal property damage, in violation of Hawaii Revised Statutes (HRS) § 708-820(1)(a) (Supp. 2009), and first degree terroristic threatening, in violation of HRS § 707-716(1)(d) (Supp. 2006).

On appeal, Pang contends that the circuit court plainly erred by not sua sponte giving the jury an instruction on self-defense because the evidence warranted such an instruction. We conclude that any error in failing to instruct the jury on self-defense was harmless beyond a reasonable doubt and therefore affirm Pang's convictions.

I.

The complaining witness for both offenses was Lawrence Delizo (Delizo). Delizo testified that on March 7, 2007, at approximately 10 a.m., he was sleeping in the rear passenger seat

---

[1] The Honorable Richard T. Bissen, Jr., presided.

of his car at Kahana Beach when he was awakened by the shattering of the glass window next to him. The back-seat windows of Delizo's car consisted of a large window and a "quarter window," and it was the quarter window that was shattered.

Delizo saw Pang standing outside the car, holding a baseball bat. Pang said, "What the fuck are you doing here?" and told Delizo to "Get the fuck out of here." Pang used the bat to poke Delizo through the broken window. Pang then shattered the main back passenger window with the bat. Glass flew and hit Delizo in the face. Delizo noticed that he was bleeding when he looked in the rear view mirror. Delizo agreed to leave and attempted to open the rear passenger door. Pang refused to permit Delizo to exit the car and told Delizo to climb to the front seat and leave. While Delizo was in the process of complying, Pang moved to the driver's side of the car. Pang hit the roof of the car with the bat then shattered the main rear window on the driver's side. At some point during the incident, Pang threatened to "kill" Delizo if he did not leave. Delizo eventually got into the front driver's seat, started the car, and drove away.

The prosecution introduced photographs of Delizo's car taken by the police, which Delizo testified accurately depicted what his car looked like on March 7, 2007, after the incident. Delizo identified the damage to his car caused by Pang, including the quarter window and the two main back-seat windows that Pang had shattered as well as dents in the car's roof.

Delizo encountered Maui Police Department (MPD) Detective Ken Prather (Detective Prather) a short time after the incident and gave Detective Prather an account of what had happened. Detective Prather testified that he observed blood on Delizo's face. Detective Prather also testified that the "two rear passenger windows" of Delizo's car were smashed, there "was some glass within the car," and he believed there were seven

dents on the roof that appeared to have been made with a long, round object, such as a bat.

Pang testified in his own defense at trial. Prior to the incident, Pang had known Delizo for about two years. Pang heard that Delizo was telling people he was "looking for [Pang] to kick [Pang's] ass." On the day of the incident, Pang had finished fishing when he saw Delizo's car parked near Pang's tent.

According to Pang, he approached Delizo's car to ask Delizo to leave so there would be no trouble. When Delizo opened the rear passenger door, Pang observed that Delizo had "a shiny piece of metal" in his hand. Pang, not knowing what the object was and fearing for his life, slammed the door shut. The object in Delizo's hand caused the rear passenger window to shatter. Pang saw Delizo move to the rear driver's side of the car and attempt to open that door. When Pang slammed that door, the metal object caused the rear driver's window to shatter. Up through that time, Pang did not have anything in his hands. However, after the rear driver's window shattered, Pang picked up a kiawe branch and hit the roof of the car "once or twice" and told Delizo to leave. Delizo then drove away.

Pang's trial testimony was basically consistent with an oral statement he gave to MPD Sergeant Champ K. Wright (Sergeant Wright) two and a half months after the incident, except that in Sergeant Wright's recounting of Pang's statement, Pang only referred to the rear driver's side window being shattered. Sergeant Wright testified that Pang denied ever having a baseball bat in his hand and denied damaging the rear passenger side window.

II.

Pang did not request a jury instruction on self-defense and none was given. On appeal, Pang argues that because the evidence at trial was sufficient to warrant a self-defense instruction, the circuit court committed plain error in failing

3

to give such an instruction. We conclude that any error in the circuit court's failure to give a self-defense instruction was harmless beyond a reasonable doubt.

The circuit court instructed the jury that in order for the jury to find Pang guilty of first degree criminal property damage, the prosecution must prove beyond a reasonable doubt that Pang "intentionally or knowingly" damaged property and that his conduct "recklessly placed another person in danger of death or bodily injury." The circuit court further instructed the jury that in order for the jury to find Pang guilty of first degree terroristic threatening, the prosecution must prove beyond a reasonable doubt that Pang threatened to cause bodily injury to Delizo "with the use of a dangerous instrument, to wit, a baseball bat."

In finding Pang guilty of these two offenses, the jury must have rejected Pang's version of the incident and accepted Delizo's testimony that Pang threatened Delizo and smashed the windows of Delizo's car with a baseball bat. Otherwise, the jury could not have found that Pang intentionally or knowingly damaged property in a manner that recklessly placed another person in danger of bodily injury or that Pang threatened to cause bodily injury to Delizo with the use of a baseball bat.[2] The only possible basis for a claim of self-defense was Pang's version of the incident. Because the jury necessarily rejected Pang's version in finding him guilty, there is no reasonable possibility that any error in failing to give a self-defense instruction may have contributed to Pang's conviction. See State v. Kuhia, 105 Hawai'i 261, 273-74, 96 P.3d 590, 602-03 (App. 2004).

---

[2] We note that photographs admitted in evidence showing damage to the post between the quarter window and main window of the rear passenger door, which indicates impact from the outside, are inconsistent with Pang's claim that an object held in Delizo's hand caused the window to shatter when Pang slammed the door shut.

III.

The February 14, 2008, Amended Judgment of the circuit court is affirmed.

DATED: Honolulu, Hawaiʻi, March 31, 2010.

On the briefs:

Christian G. Enright
Deputy Public Defender
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Alexa D.M. Fujise*
Associate Judge


CONCURRING OPINION BY FOLEY, J.

I concur in the result.

*Daniel R. Foley*
Associate Judge

5